**SOUTHLAND CORPORATION,**
Appellant,

v.

**David A. GRAY, Respondent.**

No. WD 49165.

Missouri Court of Appeals,
Western District.

Jan. 10, 1995.

Kevin Kelly, Kansas City, for appellant.

Bruce E. Strauss, Kansas City, for respondent.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

Southland Corporation appeals from a judgment in a landlord-tenant action for back taxes and rent.  Southland contends that the trial court erred in concluding it failed to establish that it had paid the property taxes which it sued to recover.  We affirm the judgment.

On August 26, 1980, David A. Gray agreed to sublease commercial property in Grandview from Southland for five years.  Their agreement provided that Southland, as sublessor, would "pay or cause to be paid all taxes levied against the land and the building and improvements situated thereon."  Gray, as sublessee, agreed "to reimburse [South-

land] for 100% of any tax increase over and above the land, building and improvements situated thereon for the year 1980[,] upon [Gray's] receipt of [Southland's] billing therefor."

In 1985, a tax increase went into effect, and the annual taxes on the property rose from $191.78 to $1,977.88. The sublease expired on October 31, 1985, and Gray did not exercise his option to renew it, but he retained possession of it as a holdover tenant. Gray was still a tenant at the time of trial on January 5, 1994.

On December 9, 1992, Southland sued Gray for breaching the lease contract. Southland alleged that Gray did not reimburse it for the 1985 tax increase as the sublease provided. Southland asked for reimbursement of taxes for 1985 through 1992 when Southland's own lease expired and its interest in the property ceased. Southland also asked for $2250 in unpaid rent.

Following a bench trial, the trial court awarded Southland $1375 in unpaid rent but denied its prayer for recovery of taxes. The trial court made these findings:

> ... That although there was much discussion between the parties as to the amount of back rent in this payment, [Southland] never affirmatively included in their payment discussions a dollar demand for the back taxes.

> ... That the Court, after reviewing all the evidence presented at trial and the exhibits left with the Court, show no evidence that any taxes were paid by [Southland], thereby requiring [Gray] to reimburse (paragraph 24 exhibit # 1) said payments to [Southland].

Southland's first point on appeal is carelessly drafted, as it appears to challenge a nonexistent finding that Southland had failed to demand back *rent:*

> The trial court erred in making the finding of fact [that] there was no demand for a specific amount of back rent ... where all the evidence and/or the weight of the evidence was there was a specific dollar amount for back rent demanded, and where neither the contract nor the law required more.

We discern from its argument of the point, however, that Southland is claiming that the trial court erroneously found that it had not made a demand for reimbursement of taxes before the lawsuit.

■ The sublease provided that Gray would reimburse Southland for increases in property taxes when he received Southland's bill for the taxes. When a contract provides for such reimbursement, a lawsuit satisfies the requirement for a demand for payment. *Stella v. DePaul Community Health Center,* 487 F.Supp. 1017, 1020 (E.D.Mo.1980), *aff'd,* 642 F.2d 258 (8th Cir.1981) (*citing Lackey v. Wilder,* 33 S.W.2d 1011, 1014 (Mo.App.1931)). Consequently, the trial court's finding was not a bar to Southland's recovery in this case.

■ In its second point on appeal, Southland claimed that the trial court erred by concluding that Southland had not established that it paid the property taxes. Southland contends that its invoices to Gray, enumerating the property taxes which it claims to have paid for Gray, were sufficient evidence.

Gray responds that Southland did not offer any evidence of actual payment, such as cancelled checks or receipts from the taxing authority. The invoices, he contends, were only Southland's self-serving representations that it had paid the property taxes. Furthermore, argues Gray, Southland's only witness acknowledged that he did not have personal knowledge as to whether Southland had paid the taxes.

Southland contends that Gray's argument is a "red herring" because the sublease was between the two parties and, therefore, the question of whether Southland paid some third party is irrelevant. Southland's contention would be correct if Gray was the party responsible for paying the taxes, but he was not. Southland was responsible for paying the taxes, and the sublease gave it the right to be reimbursed by Gray for any increase in taxes over a certain level.

Had the situation involved a promise to pay the taxes, Gray would be liable for the amount of the assessment, regardless of whether or not Southland paid the taxes.

Gray, however, agreed only to reimburse or indemnify Southland should it have to pay taxes exceeding a set level. Southland's burden in this situation was to prove that it had actually sustained damages it could recover from Gray. *See Fontain v. Schulenberg and Boeckler Lumber Company,* 109 Mo. 55, 18 S.W. 1147, 1148 (1892). Southland failed to meet its burden.

Southland cites a number of cases in support of its contention that sufficient evidence was, in fact, adduced at trial. None of these cases, however, involved situations sufficiently similar to the case at bar to be persuasive.

We affirm the judgment of the trial court.

All concur.